UNITED STATES BANKRUPTCY COURT

Hand Delivered

Northern DISTRICT of Illinois
WESTERN Division (Judge, Manuel Barbosa)
Trustee James E. Stevens — CASE No. 10-70135
Notice of Trustee's Final Report And
Applications for Compensation
And Deadline To Object (NFR)

---

C.C.: To A.R.D.C., RolandaJones— Golden —Senior Paralegal
Robert J. Verrando —Senior Counsel

Maild
Sept 24th
2011
SAT.

One Prudential PlAzA
130 EAST Randolph Drive, Suite 1500
Chicago, IL., 60601-6219
Ph# 312-565-2600, #800-82625
FAX 312-565-2320

---

Objection Filed by: Tom y Carolyn Moore
5911 Apawamis Way, Rockford, IL., 61107.
Ph# 815-708-7326

---

C.C.: Trustee, James E. Stevens—Hand Delivered—Sept. 26th 2011

---

C.C. U.S. Trustee, Patrick S. Layng
Office of The U.S. Trustee Region 11
708 Regent ST., Suite 304
Madison, WI 53715
Ph# 608-264-5522

Maild
Sept 24th
2011
SAT.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

SEP 26 2011

KENNETH S. GARDNER, CLERK
BY_____
DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: MOORE, TOM | § | Case No. 10-70135 |
| MOORE, CAROLYN | § | |
| | § | |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
JAMES E. STEVENS_____, trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:

United States Bankruptcy Court
211 South Court Street
Rockford, IL 61101

Any person wishing to object to any fee application that has not already been approved or
to the Final Report, must file a written objection within  21 days from the mailing of this notice,
serve a copy of the objections upon the trustee, any party whose application is being challenged
and the United States Trustee.  A hearing on the fee applications and any objection to the Final
Report will be held at 09:30am on 09/28/2011 in Courtroom 115, United States Courthouse,
211 South Court Street
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

UST Form 101-7-NFR (10/1/2010)

Dated: _08/17/2011_____     By: _/s/JAMES E. STEVENS_____
                                                    Trustee

JAMES E. STEVENS
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611
jstevens@bslbv.com

**UST Form 101-7-NFR (10/1/2010)**

033869    75004033902016

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re: MOORE, TOM                                §   Case No. 10-70135
      MOORE, CAROLYN                          §
                                               §

Debtor(s)                                        §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*    $    4,273.50

*and approved disbursements of*         $    11.79

*leaving a balance on hand of* [1]      $    4,261.71

**Balance on hand:**                    $    4,261.71

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|----------------|-------------------------|--------------------------|------------------|
| None      |          |                |                         |                          |                  |

Total to be paid to secured creditors:    $    0.00
Remaining balance:                        $    4,261.71

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| Trustee, Fees - JAMES E. STEVENS | 1,068.38 | 0.00 | 1,068.38 |
| Attorney for Trustee, Fees - BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP | 499.00 | 0.00 | 499.00 |

Total to be paid for chapter 7 administration expenses:    $    1,567.38
Remaining balance:                                         $    2,694.33

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00

Remaining balance: $ 2,694.33

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00

Remaining balance: $ 2,694.33

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 26,442.45 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 10.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | 11,353.93 | 0.00 | 1,156.90 |
| 2 | Chase Bank USA, N.A. | 14,673.90 | 0.00 | 1,495.18 |
| 3 | Chase Bank USA,N.A | 414.62 | 0.00 | 42.25 |

Total to be paid for timely general unsecured claims: $ 2,694.33

Remaining balance: $ 0.00

033869   75004033902025

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | | |
|---|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | | |
|---|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Prepared By:  /s/JAMES E. STEVENS

                                         Trustee

JAMES E. STEVENS
6833 Stalter Drive
Rockford, IL  61108
(815) 962-6611
jstevens@bslbv.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

033869                                     75004033902034

Northern District of Illinois
U.S. Bankruptcy Court
Western Division
211 S. Court Street
Rockford, IL 61101

033869  33869 1 MB 0.387  61107  1 5  6836-1-33869

Moore Carolyn
5897 Inverness Drive
Rockford, IL 61107-3821

033869        7500 4033902034



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

One North Old Capitol Plaza, Suite 333
Springfield, IL 62701
(217) 522-6838  (800) 252-8048
Fax (217) 522-2417

Tom & Carolyn Moore
5911 Apawanis Way
Rockford, IL  61107

Chicago
September 15, 2011

Re:    Michael Scott Crosby
       In relation to
       Tom & Carolyn Moore
       No.  2010IN3532

Dear Mr. & Mrs. Moore:

Pursuant to your request, enclosed please find a copy of the invoice given to Trustee James E. Stevens by Attorney Crosby in relation to the services provided by Mr. Crosby in relation to your legal matters.

Please be advised that we have requested additional information from Mr. Crosby that he has failed to provide.  As a result, we have requested that Mr. Crosby appear at the offices of the Commission for a sworn statement in relation to your allegations.

Please be advised that our inquiry is still pending and once we reach a disposition in the matter, or if we require additional information, we will contact you.

Thank you for your cooperation and patience throughout our inquiry.

Very truly yours,

Rolanda Jones-Golden
Senior Paralegal

RJG
Enclosure

MAINLIB_#381373_v1

The reason why Tom & Carolyn Moore Object is because when Michael Scott Crosby was sworn in, and Took The oath to become a licensed officer of The court in 1980 To practic law with a high standard of Ethics. And to help his clients To the best of his Ability.

After are excrience with Michael Crosby we could No longer Trust him. / This is why we are filing a Objection.

July 17th Mr. Crosby required Tom & Carolyn To give him Advanced retainer funds Mr. Crosbys services, because he said, he did Not want to in The middle of litigation proceedings And run out of funds And hold up his litigation services That would jeapordize our legal services.

Michael Scott Crosby promised To return All unearned retainer funds back To Tom & Carolyn Moore !

I Asked Michael Crosby To let me Negotiate, To save my house from foreclosure, Asking for a loan Modification. Mr. Crosby said No, because I Can live in my house for year-To-A-year And a Half with out having To make Any house payment ($1,100 Per month)

Michael Crosby said The Savings of house payments will help pay for my seconde installment for The Attorney fee retainer (est. $20,000)

At a later date, I figured out That Crosby could collect more attorney fees for The litigation for my foreclosure house.

If I di'dANT have To PAY $30,815.°° iN A promiced reTurnAble uNearned reTAiner fund I Think we Could have saved my house To forclosure by NegoTiating A modification on mortgage.

Perfect point of example, my house WAS TAX AppraIsed for $178,000.°°

Note; my house WAS Sold for $69,000.°° in The Foreclosure MArket!

Michael Crosby kept Telling me noT To Tell ANy body That we are going To file for BANkrupTcy.

NOW I KNOW Why, because Crosby wANTed The Park DIST. To sue me so he Could Charge me more for legAl service fee's.

After The Park DisT, speNT money for suing me Crosby invoiced me for more legAl services, After That Crosby filed for BANkrupTcy.

We Could have NegoTiATed A setTelmeNT with The Park DIST. because we owed The Park DisT, money ANd The PArk DisT. owed Tom + CArolyN money, And lefT some vAluble with The Park DisT. The Could have been NegoTiable.

One of The reasons Why I WANT my money bAck is because I WAS over Charged for michael Crosby services / ANoTher reAson why I WANT my UNeArNed promicea reTurnAble reTAiner funds bAck is because michael Crosby CAN NoT SubsTANTiaTe A AccurATe ITemized invoice billing sTATemeNTs for services

rendered for $30,815.00 refundable unearned retainer!
"
Refer =
To
Statement
attached

Note; The INVOICE STATEMENT Submitted
by Michael Crosby Are over Charges !

Dec, 29th, 2009 Received The Final STATEMENT of Charges from Crosby & Accoiates New Chapter-7 Bankruptcy Per Attorney Godfrey $3,400.00 for bankruptcy Charges.
This is A Perfect point of example of over Charging Me.
I Checked The Average Charge for bankruptcy is –
$1,300-To-$1,500

I Asked Linda Godfrey When CAN pick up my unearned retainer fund Credit balance $5,952.87 (Refer To STATEMENT attached)

Linda Godfrey said I had To WAIT 60 day's after The hearing for The bankruptcy discharge CASE.

MAY 3, 2010, I Visited Crosby + ASSOC, I Asked Michael Crosby for my unused $5,952.87 retainer back ?
Michael Crosby Asked me if he Could use my retainer Credit balance To give me some extra protection just in CASE A unlikley LAW suit was filed Against me personally.
I said NO ! Michael Crosby said if he Could NOT have my unearned retainer fund, he would Turn my $5,952.87 retainer over To The bankruptcy Trustee.
The bottom line is That Michael Crosby WANTED my unearn retainer Credit balance for him Self !

A Law Office of

# CROSBY & ASSOCIATES, P.C.

Mulford Village Office Park
475 Executive Parkway
Rockford, IL 61107

Phone  (815) 397-2006
Fax    (815) 394-1955

Please remember, you can remit
your payment by using your
Master, VISA or Discover card.
Simply give us a call at 397-2006,
and we will do the rest!





DISCOVER
CARD

Invoice submitted to:

Tom & Carolyn Moore
5897 Inverness Drive
Rockford IL 61109

January 11, 2010

(3-B)

Invoice #    16661

In Reference To:
CORPORATE MATTER

*60 days After Hearing for Discharge*

Additional Charges :

| | | Amount |
|---|---|---|
| 12/29/2009 INTERNAL TRANSFER FROM CORPORATE MATTER TO  NEW CHAPTER 7 BANKRUPTCY PER ATTORNEY GODFREY. NO CHECK INVOLVED. | | 2,500.00 |
| TRANSFER TO NEW CHAPTER 7 BANKRUPTCY CASE FOR COSTS PER ATTORNEY GODFREY.  OPERATING CHECK #8978 | *should get $900.00 back* | 900.00 |
| Total costs | *I was over charged for my Bankruptcy* | $3,400.00 |
| Previous balance | | ($9,352.87) |
| Credit balance | *Unearned Refundable Retainer* | ($5,952.87) |

*3/1/10 Stopped in to ck. on balance, No change. Notified them, Closing account 4/20/10 No more charges*

**Client acknowledges receipt of Invoice.  Client  agrees that if they DO NOT deliver to us within five (5) days of the Invoice date a written letter disputing our charges, they shall be deemed FAIR, REASONABLE, and OWING.   If a credit card was used as payment the client agrees that he/she will refrain from contacting their credit card company and requesting a charge-back for professional services rendered.**

*An asterisk next to an entry of time represents a reconstruction of time by the Bookkeeping Department.  The time reconstruction is based upon the Bookkeeping Department's judgment as to how much time the timekeeper (Attorney and/or Legal Assistant) devoted to a telephone call, letter, pleading, court appearance, etc.  The time reconstruction by the Bookkeeping Department occurs when the timekeeper inadvertently fails to record his/her time contemporaneously with the Professional Service rendered and the Bookkeeping Department subsequently discovers the oversight.*

The Bookkeeping Department has included all information available at the time of this invoice.
Additional information may be included at a later date if it is found that a time entry is not included.

4-A

Michael Crosby Turned my UNEARN retainer Credit
balance over To The Trustee James STEVENS because
he would have been Accused for what He was Censured
for by The A. R. D. C. on march 28 To, 2010, Attached
Note; He did This To protect himself!

MAY 14 To, 2010, Carolyn + Tom moore Consulted
with A bankruptcy Specialist Attorney Brian A. Hart.
"Brian Hart said The UNCARNED Credit balance
retainer $5,952.87 Should have been Refunded To
The Moore's"
    The reasons why The moore's should have
received The Credit balance Refund was because —
#1 NO Distribution List was filed on Feb. 19 To, 2010
#2 NO Asset Report was filed on Feb. 19 Th, 2010
    Mr. Hart recommended To Tom + Carolyn moore
To file A Complaint To The Attorney Registration, and
Disciplinary Commission of The Supreme Court of Illinois
    A. R. D. C.                    Attached

## Brian A. Hart
### LAW OFFICES, P.C.

*It's not about us, it's all about you.*

Brian A. Hart

308 W. State St., Suite M-8    phone: 815.964.4278
Rockford, Il 61101            fax: 815.964.4280

Note; Tom + Carolyn Moore filed A Complaint With A.R.D.C. on
Aug 10 To, 2010

4-B

'S ROCKFORD

ROCKFORD REGISTER STAR | SUNDAY, MARCH 28, 2010   **5C**

## Disciplinary actions

The Illinois Supreme Court disbarred seven lawyers, suspended nine and censured three in its March disciplinary filing, including three from the Rock River Valley. The Illinois State Bar Association published the actions in its monthly newsletter as well as on its legal blog, www.illinoislawyernow.com.

### SUSPENDED

**Dennis R. Schumacher, Mount Morris.** Schumacher, who was licensed in Illinois in 1979, was suspended for one year. He engaged in conduct involving battery when he made unsolicited and improper sexual advances toward both a female client and the wife of a second client. He then breached a fiduciary duty to both female clients and to a third client to whom he also made an unsolicited sexual advance over the telephone. The suspension is effective April 6.

**Harold Louis Turner Jr., Rockford.** Turner, who was licensed in 1967, was suspended for three months and until he completes a course offered by the Illinois Professional Responsibility Institute. He mishandled settlement funds during a dispute with his former law firm partners over money due to each partner after the firm's dissolution. The suspension is effective April 6.

### CENSURED

**Michael Scott Crosby, Rockford.** Crosby, who was licensed in Illinois in 1980, was censured and required to complete the Professionalism Seminar of the Illinois Professional Responsibility Institute. He failed to promptly refund the unearned portion of fee advances he had received from several clients who had discharged him.





**MICHAEL S. CROSBY**
Dennis M. McDougall
Janet E. Lampher
Nicole L. Beran*
Dennis G. Steeves
Linda Godfrey
John J. Hansen
Dave Hugdahl
* Also Lic. in WI

A LAW OFFICE OF
### CROSBY & ASSOCIATES
*A PROFESSIONAL CORPORATION*
475 EXECUTIVE PARKWAY
ROCKFORD, ILLINOIS 61107

Office
(815) 397-2006
Fax
(815) 394-1955

May 27. 2010

Tom & Carolyn Moore
5897 Inverness Drive
Rockford, IL 61107

Dear Mr. & Mrs. Moore:

We received your letter requesting a refund of the retainer.  We contacted the Trustee, James Stevens, regarding how the refund should be handled.

Mr. Stevens responded with a letter, a copy of which in enclosed, stating that the refund is the property of the Bankruptcy Estate and to forward an accounting and a check for the refund to his office as soon as possible.

If you disagree with the Trustee's decision and wish to contest it, please call and schedule an appointment to discuss this issue.

Please respond to this letter by Friday, June 4, 2010 if you wish to take further action.

Very truly yours,

Linda Godfrey, JD, CPA

Enclosure

$5,952.87

MAY-27-2010 THU 01:05 PM                              FAX NO.                              P. 02

# B S L B V   BARRICK SWITZER LONG BALSLEY & VAN EVERA LLP

ATTORNEYS AT LAW

Stephen G. Balsley
Richard K. Van Evera
James E. Stevens
Thomas A. Green
Robert C. Pottinger
Jason H. Rock
Douglas R. Henry
Laura A. Baluch
Adam S. Lang

POST OFFICE BOX 17109 • ROCKFORD, ILLINOIS 61110-7109
6833 STALTER DRIVE • ROCKFORD, ILLINOIS 61108
815-962-6611 • FAX 815-962-0687 • E-MAIL info@bslbv.com

Charlotte A. LeClercq
Matthew T. Ryan
Gregory A. Biegel
Jody L. Beilke
Ronald D. Fiot
Rebecca J. Lauu
Tiffany E. Rodriguez

OF COUNSEL
Armour T. Beckstrand

William H. Barrick
(1910-2003)

**VIA FACSIMILE**

May 27, 2010

Attorney Linda Godfrey
CROSBY & ASSOC., P.C.
475 Executive Parkway
Rockford, IL 61107

RE:   **Tom and Carolyn Moore, Chapter 7 Bankruptcy Case No. 10-70135**

Dear Ms. Godfrey:

As you know, I am the Trustee in the Chapter 7 bankruptcy proceeding of Tom and
Carolyn Moore filed in the United States Bankruptcy Court for the Northern District of
Illinois, Western Division as Case No. 10-70135. As Trustee, it is my responsibility to
gather the assets of the bankruptcy estate, liquidate those assets and use the proceeds
to pay creditors in the proper priority.

This letter follows up to our phone conference of the other day in regards to the refund of
the debtors' retainer with your office. This retainer refund is property of the Bankruptcy
Estate. Please forward to my office the following information: An accounting of the work
performed as well as the timing of the payments made. The balance of the retainer
needs to be forwarded to my office as soon as possible. Please have the check made
payable to James E. Stevens, Trustee in the Bankruptcy Estate of Tom and Carolyn
Moore. As a reminder, you are not to bill any time for providing me with this accounting.

Thank you for your consideration. I look forward to discussing this matter with you.

Very truly yours,

JAMES E. STEVENS

AUG, 5, 2010

6   4-PAGES

I Visited Crosby Associate's Law Office AUG, 5th
To Check on Trustee James Stevens FAcsimile Correspondence
DATed MAY 27th, 2010 to my bANkruptcy Attorney LinDA GodfreY
from Crosby + Assoc. with instructions To forwArd The bAlANce
of my retAiner To Trustee JAmes STevens office A.S.A.P. /

I requested A receipt of Confirmation of my retAiner
TrANsAction To Trustee JAmes STevens.

LindA Godrey SAid my retAiner WAS NOT TrANsferred
becAuse she WAS WAiting for more instructions from JAmes
STevens As it related To The Accounting of The work
performed As well As The Timing of The pAyments mAde.

The other excuse for The reAson why my retAiner
WAS NoT TrAnsferred WAS becAuse The Computer Server
hAd broken down.

(#1) → Note; JAmes STevens fAcimile dAted MAY 27,2010
directed LindA Godfrey To TrAnsfer my retAiner A.S.A.P.

The dAte of This visit WAS AUg, 5th, 2010, 71-DAYS
After JAmes STevens ordered The TrAnsfer of my
retAiner A.S.A.P. (Why-did it TAke so long?)

WhAt is The ReAl ReAson Why it hAs TAken —
so long To TrAnsfer my retAiner ?

MAY 27th. — To — AUg, 12th, 2010 = 78 dAys, Why ?

Crosby + Assoc., HAnd Delivered A retAiner STATement,
And Check for $4,568.12, ThAT represents my UNeArned retAiner-
funds on Aug.12th, 78 dAys After Trustee JAmes STevens
requested To forwArd  A. S. A. P.

Note:

#2) James Stevens facsimile dated MAY 27, 2010, directed Linda Godfrey To forward: AN ACCOUNTING of work performed As well As The Timing of The PAYMENTS made.

Linda responded with A ACCOUNTING STATEMENT THAT makes NO Sense. (Attached) with That said = INACCURATE ACCOUNTING !

σ

#3) Note; James Stevens facsimile dated MAY 27, 2010 directed LINDA Godfrey NOT To Bill ANY Time for providing me (James Stevens) with This ACCOUNTING.

As of march 1st, 2010 my UNearned left over retainer fund balance was $5,952.87 with No other legal services rendered To justify ANY more Additional Charges from Crosby + Assoc., After The JANUARY 11th, 2010 STATEMENT of A flat BANKruptcy Fee of $3,400.00, WE believe was A OVER charge !

- My UNused retainer fund balance _____ ($5,952.87)
- Linda Godfrey Submitted The UNused          − 4,568.12
  retainer fund To J. Stevens money go $ 1,384.75 ?
  where did this                                ShorT − ?

A Law Office of

# CROSBY & ASSOCIATES, P.C.

Mulford Village Office Park
475 Executive Parkway
Rockford, IL 61107

Phone (815) 397-2006
Fax    (815) 394-1955

Please remember, you can remit
your payment by using your
Master, VISA or Discover card.
Simply give us a call at 397-2006,
and we will do the rest!




DISCOVER

Invoice submitted to:

Tom & Carolyn Moore
5897 Inverness Drive
Rockford IL 61109

January 11, 2010

Invoice #   16661

In Reference To:
CORPORATE MATTER

*60 days After Hearing for Discharge* (handwritten)

Additional Charges :

| | Amount |
|---|---|
| 12/29/2009 INTERNAL TRANSFER FROM CORPORATE MATTER TO NEW CHAPTER 7 BANKRUPTCY PER ATTORNEY GODFREY. NO CHECK INVOLVED. | 2,500.00 |
| TRANSFER TO NEW CHAPTER 7 BANKRUPTCY CASE FOR COSTS PER ATTORNEY GODFREY. OPERATING CHECK #8978   *should get 1000.00 back* (handwritten) | 900.00 |
| Total costs   *I was over charged for my Bankruptcy* (handwritten) | $3,400.00 |
| Previous balance | ($9,352.87) |
| Credit balance   *My unearned returnable retainer I need back* (handwritten) | ($5,952.87) |

*3/1/10 Stoped in to ck. on balance, No change
Notified them, Closing Account 4/20/10 No more charges* (handwritten)

**Client acknowledges receipt of Invoice. Client agrees that if they DO NOT deliver to us within five (5) days of the Invoice date a written letter disputing our charges, they shall be deemed FAIR, REASONABLE, and OWING.** If a credit card was used as payment the client agrees that he/she will refrain from contacting their credit card company and requesting a charge-back for professional services rendered.

*An asterisk next to an entry of time represents a reconstruction of time by the Bookkeeping Department. The time reconstruction is based upon the Bookkeeping Department's judgment as to how much time the timekeeper (Attorney and/or Legal Assistant) devoted to a telephone call, letter, pleading, court appearance, etc. The time reconstruction by the Bookkeeping Department occurs when the timekeeper inadvertently fails to record his/her time contemporaneously with the Professional Service rendered and the Bookkeeping Department subsequently discovers the oversight.*

The Bookkeeping Department has included all information available at the time of this invoice.
Additional information may be included at a later date if it is found that a time entry is not included.



**MICHAEL S. CROSBY**
Dennis M. McDougall
Janet E. Lanpher
Nicole L. Beran*
Dennis G. Steeves
Linda Godfrey
John J. Hansen
Dave Hugdahl
* Also Lic. in WI

**A LAW OFFICE OF**
## CROSBY & ASSOCIATES
*A PROFESSIONAL CORPORATION*
475 EXECUTIVE PARKWAY
ROCKFORD, ILLINOIS 61107

Office
(815) 397-2006
Fax
(815) 394-1955

*Aug, 12th, 2010*

## STATEMENT

### Tom and Carolyn Moore

PHH Mortgage Company & Amcore Bank v. Thomas Moore, et.al
Case No. 08-CH-2063
Rockford Park District v. Cameo, Inc.
Case No. 08-AR-0853

| Receipts | | Total |
|---|---|---|
| 7/17/2008 | $   315.00 | |
| 7/18/2008 | 5,250.00 | *+ $5250.00 not recorded or credited.* |
| 11/12/2008 | 16,600.00 | $22,165.00 *Where did it go?* |

| Expenditures | | |
|---|---|---|
| Hours Billed - 60.75 | 16,566.88 | |
| (7/17/2008 through 5/4/2010) | | |
| Expenses | 1,030.00 | |
| | | 17,596.88 |
| | | $ 4,568.12 |

⑦

This is A perfect point of example As To why we _Need A Itemized_ List of services + Charges sTateMenT To balance out Are $30,815.⁰⁰ That we CpnTributed To The Crosby + ASSOC, reTaiNer fund. _We Need A Refund!_

Time Line 7/17/2008 - To - 1/11/2010, lAsT STaTemenT

Thanks For Your
Consideration

Tom + Carolyn Moore

Sept. 24, 2011

P. S.

## ESTATE PLANNING / MARRIED COUPLE

After Tom + Carolyn Moore paid for A up-front retainer. (I think it was # 10,000.00 / A.R.D.C. have The records of The Transaction)

Michael Crosb insisted That we start The Estate Plan / Married Couple. We said we don't Need or WANT A Estate Plan.

Mr. Crosby said The reason why we Need A Estate Plan, is because We WANT people To have The impression Thats why we Are Utilizing his Services. Mr. Crosby said he did NOT WANT people To Think we Are here To plan A Bankrupty.

Mr.Crosby Always don't mention To Any body About bankrupty!

Tom + Carolyn had Short 20 min. meeting About Estate PLANNING with Wendi Vineyard. We found out That The ESTATE PLANNING fee was About # 5000.00 ° With That said We Told Mr. Crosby we do NOT WANT A Estate Plan.

We refused To have Any meetings About Estate PLANNING because of The Cost. Crosbys office Kept Calling us At home, Asking Questions About family members And relation-ships.

NoTe; To This dAY we have Not Seen A Estate Plan.

I Know we where Charged for A Estate Plan. The A.R.D.C. have The billing invoice statement.

NoTe; Mr. Crosb Always Kept Telling us Not To Tell Any body About Bankruptcy!    Thanks for your Understanding Tom + Carolyn Moore 9/24/2011